# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**UNITED STATES OF AMERICA,**

    Plaintiff,

**v.**                                       **CRIMINAL ACTION NO. 3:13-CR-58**
                                                     **(JUDGE GROH)**

**SANDRA E. KUHNS,**

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO MODIFY THE SPECIAL CONDITIONS OF PROBATION

Currently pending before the Court is the Defendant's Motion to Modify the Special Conditions of Probation [Doc. 45], filed on June 9, 2014. Assistant United States Attorney Andrew R. Cogar objects to this motion.

On May 19, 2014, the Court sentenced the Defendant to two years of probation on Count 2 of the Indictment, false bankruptcy declaration in violation of 18 U.S.C. § 152(3). As part of the Defendant's terms of probation and standard condition number one, the Court ordered: "During her term of probation, the defendant shall not work as a bankruptcy petition preparer, or assist others in any way with preparing bankruptcy petitions." In the instant motion, the Defendant requests that the Court modify this condition by allowing her to complete twelve bankruptcy petitions for individuals in Maryland that she began working on before her sentencing. She asserts that, before her sentencing, she was only prohibited from doing such work in the State of West Virginia. She avers that, if she cannot complete these petitions, she would suffer a financial hardship and that the bankruptcy filers would

incur "a massive inconvenience and unintended hardship."

The court may modify Defendant's terms of probation "at any time prior to the expiration or termination of the term of probation, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the conditions of probation." 18 U.S.C. § 3563(c).

In reviewing this case, the Court does not find good cause to modify the special condition. The Defendant pleaded guilty to an offense arising from her work as a bankruptcy petition preparer. Specifically, in contravention of a bankruptcy court order, the Defendant charged numerous clients with fees exceeding the amount allowed for preparing bankruptcy petitions, gave false information about her fees to the bankruptcy court, and then instructed her clients to misrepresent her fees. The special condition prohibiting her from doing or assisting in such work therefore will protect the public and deter the Defendant from committing such acts in the future. Granting an exception from the condition for the twelve petitions would contravene the condition's purpose. Accordingly, the Court **DENIES** the Defendant's motion.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to Defendant's counsel, the United States' counsel, and the United States Probation Office for the Northern District of West Virginia.

**DATED:** June 12, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE